**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark D. Davenport,<br><br>       Plaintiff,<br><br>v.<br><br>United States Department of Homeland Security,<br><br>       Defendant. | No. CV18-00625-PHX-DGC<br><br>**ORDER** |

Pro se plaintiff Mark D. Davenport sued the United States, alleging various tort, constitutional, and statutory claims. Doc. 16. Defendant moves to dismiss Plaintiff's first amended complaint pursuant to Rule 12(b)(1) and (6). Doc. 18. The motion is fully briefed, and no party requests oral argument. Docs. 26, 29. For the following reasons, the Court will dismiss Plaintiff's first amended complaint without prejudice.[1]

**I.    Background.**

Plaintiff alleges that he began participating in an Equal Employment Opportunity Commission ("EEOC") case in April 2015 as a non-attorney representative for his fiancé, a former employee of the Transportation and Security Administration ("TSA"). Doc. 16

---

[1] Plaintiff filed a Second Amended Complaint on June 25, 2018. Doc. 17. That pleading is not properly before the Court. A plaintiff may amend his pleading only once without leave of Court; later pleadings may be filed only with the opposing party's written consent or leave of Court. Fed. R. Civ. P. 15(a).

at 2. Debra Wheeler was also involved in the EEOC case, as a TSA human resources specialist. *Id.* Plaintiff alleges that Wheeler retaliated against him and interfered with the EEOC case by falsely alleging that he stalked and harassed her and shot at her window with a gun (*id.* at 3-5), releasing his private and personally identifiable information to third parties (*id.* at 3), sending federal agents to his home to interrogate him about the false allegations (*id.*), and negligently and intentionally defaming and slandering him (*id.* at 5-6). Plaintiff's first amended complaint refers to the Federal Tort Claims Act ("FTCA"), the First and Fourth Amendments, 5 U.S.C. § 552, 18 U.S.C. § 1001(a), 42 U.S.C. § 1983, and sections of the TSA employee code of conduct. *Id.* at 7-8. Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's claims and that Plaintiff fails to state a claim for relief. Doc. 18.

**II.    Legal Standard.**

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

**III.    Analysis.**

Defendant's motion makes a facial attack on Plaintiff's complaint. The motion does not substantially challenge the truth of the facts alleged. *See* Doc. 18. Thus, under 12(b)(1), the Court will accept the alleged facts as true.

### A. Federal Tort Claims Act.

The FTCA provides a limited waiver of the government's sovereign immunity for certain tort claims. 28 U.S.C. § 1346(b); *United States v. S.A. Empresea de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 807-08 (1984). But the government remains immune from suits for "[a]ny claim arising out of . . . malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

In *Sheehan v. United States*, 896 F.2d 1168 (9th Cir. 1990), the Ninth Circuit explained that "§ 2680(h) bars suit for claims based on conduct which constitutes one of the excepted torts, and bars suit for no other claims." *Id.* at 1171. The government's alleged conduct, then, is the touchstone for determining whether § 2680(h) bars Plaintiff's claims. If Defendant's alleged conduct constitutes one of the torts listed in § 2680(h), dismissal is required.

Defendant argues that Plaintiff's allegations about Wheeler are based on libel, slander, and misrepresentation, and are thus barred under § 2680(h). Doc. 18 at 5-6. Plaintiff reiterates the factual bases for his claims and cites various federal and state statutes and cases, but he does not meaningfully respond. *See* Doc. 26. Among his allegations, Plaintiff states that Wheeler:

> intentionally, negligently and in bad faith, attempted[ed] to "frame-up" Plaintiff; [made] malicious, intentional, false and negligent publications, which did defame and slander Plaintiff, causing him extreme anxiety, humiliation, worry fear and emotional duress; [and] falsely alleg[ed] Plaintiff was seen performing sex act . . . [and that Plaintiff] caused damage to a window of [Wheeler's] home.

Doc. 16 at 3-4. Plaintiff also alleges that "Wheeler's contrived and negligent allegations, . . . [caused Plaintiff to] suffer extreme embarrassment, anxiety, humiliation, worry, fear and emotional duress" (*id.* at 3), and that Wheeler's actions "were negligent and done intentionally with malice to cause harm, humiliate, defame, slander, harass, annoy and alarm [Plaintiff]" (*id.* at 4).

These allegations amount to slander, libel, misrepresentation, and deceit, all of which are torts barred by § 2680(h). Doc. 16. And the same alleged conduct gives rise to Plaintiff's express claims for defamation, negligence, harassment, and intentional and negligent infliction of emotional distress. Plaintiff's claims are barred by § 2680(h). *See United States v. Neustadt*, 366 U.S. 696, 706-07 (1961) (negligence claim barred as actually stating negligent misrepresentation claim); *Thomas-Lazear*, 851 F.2d at 1207 (negligent infliction of emotional distress claim restated a slander claim); *Leaf v. United States*, 661 F.2d 740, 742 (9th Cir. 1981) (negligence claims restated misrepresentation claim); *Bowles*, 2011 WL 6182330, at *3 (Plaintiff's defamation-related claims restated libel- and slander-type actions); *Rodriquez v. United States*, No. CV 04–2312–PHX–RGS, 2007 WL 2022010, at *5 (D. Ariz. July 10, 2007) ("Section 2680(h) precludes claims against the United States based on defamation through its exceptions of claims 'arising out of' libel and slander.").

The Court will dismiss Plaintiff's claims for slander, libel, misrepresentation, and deceit, and all claims arising from the same conduct, for lack of subject matter jurisdiction under Rule 12(b)(1).

### B. Plaintiff's Other Bases for Jurisdiction.

Plaintiff's complaint cites numerous other statutes. Doc. 16. Defendant argues that even if § 2680(h) does not bar Plaintiff's claims, none of his cited statutes provides a basis for jurisdiction. Doc. 18 at 6. The Court agrees.

Plaintiff cites 18 U.S.C. § 1001. Doc. 16 at 7. But § 1001 is a criminal statute and provides no private right of action. *Valencia v. Reyna*, No. CV 07-1294-PHX-DGC (MEA), 2007 WL 2320077, at *3 (D. Ariz. Aug. 10, 2007) (citing *Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992)).

Plaintiff also cites the Privacy Act, 5 U.S.C. § 552a. Doc. 16 at 7. The Supreme Court has held, however, that the Privacy Act does not authorize a cause of action for recovery of nonpecuniary mental or emotional harm. *FAA v. Cooper*, 566 U.S. 284, 299 (2012). Plaintiff alleges only emotional and mental harm, not pecuniary or economic

harm. *See* Doc. 16 at 3-5. Plaintiff responds that he suffered monetary damages in retaining counsel because he believed he would face criminal charges, and that he sought emergency medical treatment for the anxiety he suffered. Doc. 26 at 13. But neither Plaintiff's original complaint nor his first amended complaint pled monetary damages from retaining counsel or seeking medical treatment. "Plaintiff cannot amend his . . . complaint merely by discussing unpled claims in a response to a motion to dismiss." *Piper v. Gooding & Co. Inc.*, No. CV-18-00244-PHX-DLR, 2018 WL 924947 (D. Ariz. Feb. 15, 2018).

Plaintiff cites § 1983 and the First and Fourth Amendments, and seeks punitive damages. Doc. 16 at 7-10. But the United States is immune from constitutional torts and punitive damages claims. 28 U.S.C. § 2674 (the United States "shall not be liable . . . for punitive damages"); *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) ("the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims"); *United States v. Testan*, 424 U.S. 392, 400-02 (1976) (the United States has not waived its sovereign immunity in actions seeking damages for constitutional violations). And § 1983 "does not provide a cause of action against federal officials acting under color of federal law." *Slaughter v. Dep't of Homeland Sec.*, No. CV-09-433-PHX-SRB, 2010 WL 11519167, at *2 (D. Ariz. March 20, 2010) (citing *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995)). Even if Plaintiff had properly pled a *Bivens* claim, no such exists where the underlying tortious conduct is barred by § 2680(h). *Thomas-Lazear*, 851 F.2d at 1206-07.

Plaintiff argues that the Court has supplemental jurisdiction pursuant to 18 U.S.C. § 1367. Doc. 26 at 3. But § 1367 allows the Court to exercise subject matter jurisdiction only over claims "that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Plaintiff has identified no claims within the Court's original jurisdiction.

The Court will dismiss Plaintiff's first amended complaint under Rule 12(b)(1).

## IV. Leave to Amend.

The Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend is not only to be heeded, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with extreme liberality, *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001). Nevertheless, a motion for leave to amend may be denied "if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). The party seeking amendment bears the burden of showing that the amendment would not result in prejudice, delay or be futile. *Id.*

Following Defendant's motion to dismiss (Doc. 18), Plaintiff filed a motion for leave to amend his first amended complaint, which did not comply with local rules (*see* Doc. 20).[2] Plaintiff also previously attempted to file a second amended complaint. Doc. 17. Based on that filing, and the anticipation that a properly filed second amended complaint would be futile, Defendant argues the Court should deny leave to amend because (1) Plaintiff will likely attempt to improperly reinsert Wheeler as a Defendant and the United States is the only proper defendant for actions under the FTCA; and (2) Plaintiff's claims against Wheeler would be barred by the statute of limitations for tort actions under Arizona law. Doc. 18 at 4-5 n.4.

The Court cannot conclude that amendment would be futile. Plaintiff has only amended his original complaint once as a matter of course. Doc. 16. And in light of the Court's order, Plaintiff may be able to amend his complaint to assert a proper basis for the Court's subject matter jurisdiction. The Court will dismiss Plaintiff's complaint without prejudice and grant him leave to amend his complaint.

---

[2] At a scheduling conference with the parties on September 6, 2018, the Court advised Plaintiff to consult the Federal and Local Rules of Civil Procedure.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 18) is **granted**. Plaintiff's complaint is dismissed without prejudice, and Plaintiff is granted leave to amend. Plaintiff shall file an amended complaint by **December 14, 2018**.

Dated this 26th day of November, 2018.

*David G. Campbell*

David G. Campbell
Senior United States District Judge