**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark D. Davenport, | No. CV18-00625-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| United States Department of Homeland Security, | |
| Defendant. | |

Pro se plaintiff Mark D. Davenport sued Defendants Debra Wheeler, James Lundquist, and Kirstjen Neilson, Secretary of the Department of Homeland Security ("DHS"). Doc. 34. Defendants move to dismiss Plaintiff's second amended complaint pursuant to Rule 12(b)(1) and (6). Doc. 43. The motion is fully briefed. Docs. 46, 47. For the following reasons, the Court will dismiss Plaintiff's second amended complaint with prejudice.

**I.   Background.**

Plaintiff began participating in an Equal Employment Opportunity Commission ("EEOC") case in April 2015 as a non-attorney representative for his fiancé, a former employee of the Department of Transportation ("TSA"). Doc. 34 at 5. Debra Wheeler was involved in the EEOC case as a TSA human resources specialist. *Id.* at 6. According to Plaintiff, his fiancé experienced discriminatory and retaliatory conduct by TSA, which Plaintiff opposed through several EEOC complaints and in proceedings before an Administrative Law Judge.

Plaintiff alleges that Wheeler accessed his fiancé's personal contact information in TSA's record system without her consent or department authorization and disclosed that information to a third party, including his telephone number and home address. *Id.* at 6, 7. According to Plaintiff, Wheeler falsely alleged to federal law enforcement that Plaintiff had posed as a federal agent, stalked her at her home, performed a sex act in front of her home, and shot at her window with a gun. *Id.* at 6-9. Plaintiff asserts that Lundquist released his Social Security number, date of birth, driver's license information, and banking account information to Wheeler. *Id.* at 9.

## II. Legal Standards.

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. "In a facial attack, the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Defendants' 12(b)(1) motion is a facial attack because Defendants, for purposes of the motion, do not substantially challenge the truth of the facts alleged in Plaintiff's complaint. Doc. 43.

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

**III. Analysis.**

Plaintiff's second amended complaint alleges two Privacy Act violations, two Title VII violations, and a Fourth Amendment violation. Doc. 34 at 9-13.

**A. The Privacy Act.**

Section 552a(e)(5) of the Privacy Act provides that "[e]ach agency that maintains a system of records shall maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). A plaintiff may sue for failure to meet this obligation, but, as Defendants note, the Privacy Act "only permits suits against an 'agency,' *see* 5 U.S.C. § 552a(g)(1), and does not apply to individual defendants." Doc. 43 at 4; *see Rouse v. U.S. Dept. of State*, 567 F.3d 408, 413 n.3 (9th Cir. 2009); *see Hewitt v. Grabicki*, 794 F.2d 1373, 1377 (9th Cir. 1986); *Hurry v. Fin. Indus. Regulatory Auth. Inc.*, No. CV-14-02490-PHX-ROS, 2015 WL 11118114, at *7 (D. Ariz. Aug. 5, 2015). Plaintiff asserts violations only against Wheeler and Lundquist. *See* Doc. 34 at 9-10.

Plaintiff responds with an extensive elaboration of his factual allegations and citations to federal law discussing the Privacy Act, but does not clearly respond to Defendants' arguments. Doc. 45 at 1-22. Although Plaintiff's Counts 1 and 2 mention only Wheeler and Lundquist, he asserts that he also named the DHS Secretary in his complaint and seems to ask the Court to construe Counts 1 and 2 as being alleged against

Secretary Nielsen, as well. *See id.* at 2. But "Plaintiff cannot amend his . . . complaint merely by discussing unpled claims in a response to a motion to dismiss." *Piper v. Gooding & Co. Inc.*, No. CV-18-00244-PHX-DLR, 2018 WL 924947 (D. Ariz. Feb. 15, 2018). Nor can the Court look to Plaintiff's proposed amendments on this issue because Counts 1 and 2 in Plaintiff's proposed third amended complaint remain unchanged. *See* Doc. 46 at 10.

Defendants also argue that Plaintiff has failed again to sufficiently plead pecuniary and economic harm. Docs. 34 at 12, 43 at 7-9, 33 at 4-5; *FAA v. Cooper*, 566 U.S. 284, 299, 304 (2012). Plaintiff alleges that he has suffered "monetary damages caused as a result of the stress and impact on [his] physical health and necessity to retain counsel," and "[p]ecuniary damages for medical expenses and other costs caused as a direct result of Defendants' actions." Doc. 34 at 2, 12. These general statements are insufficient to plead "tangible economic loss" from the alleged Privacy Act violations. *Cooper*, 566 U.S. at 303. The Court will dismiss Counts 1 and 2.

### B. Title VII Claims.

Section 2000e-16 "describes the parameters within which an individual may sue the federal government for a violation of Title VII, stating in pertinent part . . . [that in a civil action under § 2000e-5] the head of the department, agency, or unit, as appropriate, shall be the defendant." *Mahoney v. U.S. Postal Serv.*, 884 F.2d 1194, 1198 (9th Cir. 1989) (quoting 42 U.S.C. § 2000e-16(c)). Thus, a plaintiff "must name the head of the employing agency or department as the party defendant." *Alhuwalia v. U.S. Postal Serv.*, No. 88-6179, 1990 WL 140714, at *1 (9th Cir. Sept. 28, 1990); *see also Kimmons v. Veterans Admin. Hosp.*, No. 87-2356, 1988 WL 82846, at *1 (9th Cir. July 29, 1988) (citing *Koucky v. Dep't of Navy*, 820 F.2d 300, 302 (9th Cir. 1987)); *Cupp v. Veterans Admin. Hosp.*, 677 F. Supp. 1018, 1019 (N.D. Cal. 1987) (citing *White v. Gen. Servs. Admin.*, 652 F.2d 913, 916 n.4 (9th Cir. 1981)).

Counts 3 and 4 allege retaliation by Defendants under 42 U.S.C. § 2000e "for participation in protected activity." Doc. 34 at 10-11. Defendants argue in their motion

that Plaintiff cannot assert Title VII claims against Wheeler and Lundquist, and that he lacks standing to assert a Title VII claim against Secretary Nielsen. Doc. 43 at 9.

Plaintiff does not address his Title VII claims or Defendants' arguments. Doc. 45. Wheeler and Lundquist are improperly named defendants because neither is the head of the relevant employing agency. And Plaintiff cannot assert Title VII claims against Secretary Nielsen because he does not allege that had an employment relationship with DHS. "Title VII protections do not apply where there is no employment relationship." *DaOro v. Eskaton*, No. 2:11-cv-0960-KJM-JFM, 2013 WL 789120, at *3 (E.D. Cal. March 1, 2013) (citing cases); *see also Waisgerber v. City of Los Angeles*, 406 Fed. App'x 150, 151 (9th Cir. 2010) (citing *Lutcher v. Musicians Union Local 47*, 633 F.2d 880, 883 (9th Cir. 1980)).

### C. Fourth Amendment Claim.

Plaintiff asserts that "Defendant's conduct as alleged above constitutes an unreasonable search or seizure of Plaintiff's personal information without proper warrant or authorization." Doc. 34 at 12. Defendant argues that Plaintiff fails to state a Fourth Amendment claim because he does not allege having an expectation of privacy in his fiancé's emergency contact information, nor does he allege that Wheeler's disclosure to Lundquist was indiscriminate or public. Doc. 43 at 10.

Count 5 pleads no unreasonable restriction of movement, nor a physical intrusion on Plaintiff's person, house, papers, and effects, or invasion of a protected privacy interest that Plaintiff had in his fiancé's contact information. *See Patel v. City of Los Angeles*, 738 F.3d 1058, 1061 (9th Cir. 2013); *Bettin v. Maricopa County*, No. CIV 04-02980 PHX MEA, 2007 WL 1713319, at *9-*10 (D. Ariz. June 12, 2007); *see also In re Crawford*, 194 F.3d 954, 958-59 (9th Cir. 1999). Plaintiff's response does not mention his Fourth Amendment claim, nor does he clearly respond to Defendants' arguments. While other parts of Plaintiff's complaint allege specific conduct by Defendants, he does not specify which defendant Count 5 refers to, nor what conduct constituted an unreasonable search or seizure. The Court will not write Plaintiff's complaint for him. *Hearns v. San Bernardino*

*Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

**IV.     Leave to Amend.**

Plaintiff has filed a motion to amend his second amended complaint. Doc. 46. Defendants argue that further amendment would be futile. Docs. 43, 48. Plaintiff seems to concede that his Title VII and Fourth Amendment claims should be dismissed, as he fails to address those counts and Defendants' arguments. He asks only that the Court deny the motion "to dismiss claims related to the Privacy Act violations." Doc. 45 at 26.

As noted, Wheeler and Lundquist are improperly named individual defendants in Plaintiff's Privacy Act claims, and Plaintiff has failed again to plead sufficiently his specific pecuniary and economic harm. Doc. 34 at 12; *Cooper*, 566 U.S. at 299, 304. Plaintiff's proposed third amended complaint adds only that Plaintiff "firmly believed he would [be] criminally prosecuted," he "secured legal counsel resulting [in] more than ten thousand dollars in expenses along with over four thousand dollars in co-pays for a medical emergency room visit shortly after Federal Agents confronted" him, and he "believed he was suffering from a heart attack caused by the stress and worry placed upon him by Wheeler's manufactured false allegations." Doc. 46-1 at 9. These allegations do not plead tangible economic harm caused by disclosure of his personal information under the Privacy Act. They instead appear linked to Wheeler's allegedly false allegations about Plaintiff. The proposed third amended complaint does not address this insufficiency or any of the remaining deficiencies identified in Defendants' motion to show that amendment would not be futile.

Plaintiff has had three opportunities to plead viable claims against Defendants and has failed to do so. The Court "may deny leave to amend where a plaintiff has '[r]epeated[ly] fail[ed] to cure deficiencies by amendments previously allowed.'" *Dutcius v. Meritage Homes of Ariz., Inc.*, 462 Fed, App'x 658, 659-60 (9th Cir. 2011) (citing *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988)). The Court will dismiss Plaintiff's second amended complaint with prejudice.

**IT IS ORDERED:** that Defendants' motion to dismiss (Doc. 43) is **granted**. Plaintiff's complaint is dismissed with prejudice, and Plaintiff's motion to amend (Doc. 46) is **denied**. Plaintiff's motion for leave to file surreply (Doc. 49) is found to be **moot.** The Clerk of Court is directed to terminate this action.

Dated this 31st day of May, 2019.

*David G. Campbell*

David G. Campbell
Senior United States District Judge